UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:23-cr-46-TRM-SKL |
| v. ) | |
| ) | |
| JOHN ALLEN PATTERSON ) | |

**PLEA AGREEMENT**

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant and the defendant's attorney have agreed upon the following:

1. The defendant will plead guilty to the following count in the Indictment:

    (a) **Count One:** Conspiracy to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), and 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

    The punishment for this offense is as follows:

    The defendant faces a minimum of 10 years of imprisonment up to Life; a fine of up to $10,000,000; a minimum of 5 years of supervised release; any lawful forfeiture and/or restitution ordered by the Court; and a mandatory $100 special assessment.

2. In consideration of the defendant's guilty plea, the United States agrees that it will dismiss all remaining counts against this defendant in the Indictment.

3. The defendant has read the Indictment, discussed the charges and possible defenses with defense counsel, and understands the crime charged. The defendant is pleading guilty because the defendant is in fact guilty.

In order to be guilty, the defendant agrees that each of the following elements of the crime(s) must be proved beyond a reasonable doubt:

A. Two or more individuals entered into an agreement to distribute fentanyl and methamphetamine;

B. The defendant knowingly and voluntarily joined the conspiracy;

C. The defendant participated in the conspiracy; and

D. The conspiracy involved 400 grams or more of a mixture and substance containing a detectable amount of fentanyl and 50 grams or more of methamphetamine (actual).

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which the defendant admits satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

(a) Beginning in approximately June 2021, an investigation by the Drug Enforcement Administration (DEA), the Bureau of Alcohol, Tobacco, Firearms, & Explosives (ATF), the Tennessee Bureau of Investigation (TBI), and other law enforcement agencies generally showed that during the conspiracy period charged in the Indictment, the defendant was part of a drug trafficking organization (DTO) responsible for the distribution of large amounts of methamphetamine, fentanyl, and heroin in the Eastern District of Tennessee. The investigation generally showed that the DTO had a connection for narcotics through an inmate in a Georgia state prison who connected DTO members with suppliers on the outside. DTO members regularly traveled to the Atlanta, Georgia area to meet the suppliers to buy narcotics and then distribute them in the area of Chattanooga, Tennessee.

(b) Through court-authorized search warrants, vehicle tracking devices, physical and electronic surveillance, information/records obtained in response to numerous administrative and grand jury subpoenas, court-authorized pen registers, and court-authorized cellphone geolocation, the investigation generally revealed that the defendant was involved in a drug trafficking conspiracy as a member of the DTO. The investigation further revealed that many of the DTO members used CashApp for drug transactions. The investigation showed that the defendant's role in the conspiracy was to be a main distributor of fentanyl and methamphetamine for the DTO.

(c) On July 26, 2022, the defendant fled from police in a traffic stop and was located and arrested later that day. Pursuant to a search of the car the defendant was driving, the police seized the following from among the defendant's belongings: approximately 9.62 grams of methamphetamine (actual) and approximately 52.15 grams of fentanyl, as chemically described in Count One. These narcotics and amounts were confirmed by DEA lab testing.

(d) The defendant waived his *Miranda* rights and was interviewed by law enforcement. The defendant admitted to his involvement in the conspiracy as described above. The defendant admitted that he stole a GMC Sierra pickup truck from Taylor. The defendant stated that Taylor bought the truck because it contained a hidden compartment. The defendant admitted that he stole the truck because it contained a large amount of fentanyl from the DTO conspiracy in the hidden compartment. The defendant admitted that he took multiple kilograms of purple fentanyl and a large quantity of counterfeit Roxicodone pills from the truck and sold the fentanyl and pills to another dealer in Chattanooga, Tennessee.

(e) The defendant admits that he bought fentanyl and methamphetamine from Taylor and distributed those drugs to others in the Eastern District of Tennessee. The defendant admits to his involvement with the DTO in buying and selling fentanyl and methamphetamine as described above.

Page 3 of 10

Case 1:23-cr-00046-TRM-MJD    Document 553    Filed 08/26/25    Page 3 of 10
PageID #: 4485

The defendant admits that he conspired to distribute more than 400 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl) and 50 grams or more of methamphetamine (actual) in the Eastern District of Tennessee within the time period charged in Count One of the Indictment.

5. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

(a) the right to plead not guilty;

(b) the right to a speedy and public trial by jury;

(c) the right to assistance of counsel at trial;

(d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

(e) the right to confront and cross-examine witnesses against the defendant;

(f) the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

(g) the right not to testify and to have that choice not used against the defendant.

6. Pursuant to Rule 11(c)(1)(C), the defendant and the United States agree that a sentence of 180 months of imprisonment to be followed by a lawful term of supervised release is the appropriate disposition of this case. The defendant and the United States further agree that the Court may impose any lawful fines and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate. In the event the Court declines to accept this agreement, either party will be free to withdraw from the plea agreement.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the

Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that constitute, or are derived from, any proceeds obtained, directly or indirectly, as the result of an offense in violation of 21 U.S.C. §§ 841 and/or 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense, which are in the possession or control of the defendant or the defendant's nominees.

The defendant agrees to forfeit the defendant's interest in the following properties:

A personal money judgment in the amount of $1,000 against the defendant and in favor of the United States, which represents the proceeds the defendant personally obtained as a result of an offense in violation of Title 21, United States Code, Sections 841 and/or 846.

The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant

exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

In the event a money judgment forfeiture is ordered, the defendant agrees to send all money judgment payments to the United States Marshals Service. Defendant also agrees that the full money judgment amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody, the defendant agrees that the Bureau of Prisons will have the authority to establish payment schedules to ensure payment of the money judgment. The defendant further agrees to cooperate fully in efforts to collect on the money judgment by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of the money judgment without notifying defendant's counsel and outside the presence of the defendant's counsel.

10. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in

efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

(a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

(b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

(c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

11. The defendant voluntarily, knowingly, and intentionally agrees to the following:

    a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence.

    b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C.

Page **7** of **10**

Case 1:23-cr-00046-TRM-MJD   Document 553   Filed 08/26/25   Page 7 of 10
PageID #: 4489

efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

(a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

(b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

(c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

11. The defendant voluntarily, knowingly, and intentionally agrees to the following:

    a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence.

    b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C.

Page **7** of **10**

Case 1:23-cr-00046-TRM-MJD   Document 553   Filed 08/26/25   Page 7 of 10
PageID #: 4489

§ 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

12. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of the defendant's conviction on immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences the plea may entail, even if the consequence is automatic removal from the United States.

13. This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any

local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

14. The United States will file a Supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the Supplement, they are hereby fully incorporated herein.

15. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

[SIGNATURES ON THE FOLLOWING PAGE]

<table>
<tr><td>8/26/2025<br>Date</td><td>FRANCIS M. HAMILTON III<br>UNITED STATES ATTORNEY<br><br>By: _____<br>Tammy O. Combs<br>Assistant United States Attorney</td></tr>
<tr><td>8/25/2025<br>Date</td><td>_____<br>John Allen Patterson<br>Defendant</td></tr>
<tr><td>8/25/2025<br>Date</td><td>_____<br>Paul Bergmann III<br>Attorney for the Defendant</td></tr>
</table>
Page 10 of 10